## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MC1 HEALTHCARE, INC., d/b/a MOUNTAINSIDE TREATMENT CENTER, | ) ) ) | CIVIL NO. 3:17-CV-01909 (KAD) |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED HEALTH GROUP, INC., *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | JUNE 24, 2019 |

## STIPULATED PROTECTIVE ORDER

Kari A. Dooley, United States District Judge

Discovery in the above-captioned action is likely to involve disclosure by the parties of confidential information. Legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' legitimate proprietary interests will result if this Protective Order is not entered. It appears further that the discovery of confidential health information is implicated by Plaintiff's claims in this action. This Stipulation and Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated under its aegis, *see* 45 C.F.R. §§ 164.512(e)(1)(ii) & (e)(1)(v). The parties have agreed to keep materials produced in discovery confidential and to return or destroy such materials in accordance with the terms set forth in this Stipulated Protective Order ("Protective Order"). Thus, upon the stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c), this Court hereby orders that confidential information be disclosed only in the following designated ways:

1.      Any party to this litigation shall have the right to designate as "Confidential Health Information" and subject to this Protective Order any information, document, or thing, or portion of any document, thing, or information supplied in any form, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber.   The term "Confidential Health Information" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to HIPAA.  *See* 45 C.F.R. §§ 164.105, 160.103 (defining "individually identifiable health information" and "protected health information").  It also includes confidential substance use disorder patient records as provided in 42 C.F.R. Part 2.   "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests.   "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information. "Confidential Health Information" does not include any document or information that has <u>all of the following identifiers</u> of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber removed or redacted:

   a.      names;

   b.      all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people,

and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

      c.     all elements of dates (except year) for dates directly related to an individual, including birth date and date of death;

      d.     telephone numbers;

      e.     fax numbers;

      f.     electronic mail addresses;

      g.     social security numbers;

      h.     medical record numbers;

      i.     health plan beneficiary numbers;

      j.     account numbers;

      k.     certificate/license numbers;

      l.     vehicle identifiers and serial numbers, including license plate numbers;

      m.     device identifiers and serial numbers;

      n.     web universal resource locators ("URLs");

      o.     internet protocol ("IP") address numbers;

      p.     biometric identifiers, including finger and voice prints; and

      q.     full face photographic images and any comparable images.

2.     Any party to this litigation or any third party covered by this Protective Order who produces or discloses any Confidential Health Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony shall mark the same with the foregoing or similar legend:  "CONFIDENTIAL HEALTH INFORMATION."

3.     Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing:

   a.  that contains trade secrets or competitively sensitive technical, marketing, financial, sales, or other confidential business information; or

   b.  that contains private or confidential personal information; or

   c.  that contains information received in confidence from third parties; or

   d.  that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

  Any party to this litigation or any third party covered by this Protective Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony shall mark the same with the foregoing or similar legend: "CONFIDENTIAL."

  4.  Any party to this litigation and any third party shall have the right to designate as "Confidential - Attorneys' Eyes Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony shall mark the same with the foregoing or similar legend: "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only"). Confidential Health Information, Confidential material and Attorneys' Eyes Only material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

  5.  All Confidential Health Information, Confidential material, and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense

of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, including future litigation, and shall not be disclosed by the receiving party to anyone other than those individuals set forth in Paragraphs 6 and 7, respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court.  However, it is understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Health Information, Confidential material, or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential Health Information, Confidential material, or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, by order of the Court, or as permitted in Paragraphs 6 and 7.

6.      Confidential Health Information and Confidential material, the contents of Confidential material and of Confidential Health Information, may be disclosed only to the following individuals under the following conditions:

        a.      outside counsel (herein defined as the parties' counsel who have appeared on behalf of a party in this Action, and the partners, associates, paralegals, and regularly employed office staff working under the direct supervision of such counsel who are directly involved in or assisting in this litigation);

        b.      outside experts or consultants retained by a party or by outside counsel for purposes of this action, provided they have signed a nondisclosure agreement substantially in the form of the attached Exhibit A;

        c.      the Court and court personnel (subject to the provisions of Paragraph 19 below);

        d.      any witness may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure. Before Confidential material is disclosed for this purpose, each such person must sign a nondisclosure agreement substantially in the form of Exhibit A.

e.      vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic employees, and clerical employees whose duties and responsibilities require access to such materials, provided each such person must sign a nondisclosure agreement substantially in the form of Exhibit A;

f.      any mediator or arbitrator engaged by any named party to this action on agreement of all of the named parties to this action, provided each such person has signed a nondisclosure agreement substantially in the form of Exhibit A; and

g.      the parties themselves, except that in the case of parties that are corporations or other business entities, the meaning of "party" shall be limited to executives who are required to participate in decisions with reference to this lawsuit, in-house counsel and their legal support staff assisting with this action, and employees collecting documents and information at the request of outside counsel.

Counsel shall maintain a collection of all signed nondisclosure agreements.

7.      Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the individuals in Paragraphs 6(a), 6(b), 6(c), and 6(d), provided the terms set forth therein complied with, and legal eDiscovery vendors assisting outside counsel in this action and who have signed a nondisclosure agreement substantially in the form of Exhibit A.

8.      Confidential Health Information, Confidential material, and Attorneys' Eyes Only material shall be used only by individuals permitted access to such material under Paragraphs 6 and 7, respectively.  Confidential Health Information, Confidential material, and Attorneys' Eyes Only material, as well as copies thereof and the information contained therein, shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality in writing or (b) the Court orders such disclosure.

9.      With respect to any depositions that involve a disclosure of Confidential Health Information or Confidential or Attorneys' Eyes Only material of a party to this action, such party

shall have thirty (30) days from receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential Health Information, Confidential, or Attorneys' Eyes Only.  This period may be extended by agreement of the parties. During this period, no such deposition transcript shall be disclosed, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than the individuals described in Paragraph 6(a), (b), (c), (d), (e), (f), and (g) (as to Confidential Health Information and Confidential material) and in Paragraph 7 (as to Attorneys' Eyes Only material), and the deposition transcript shall be designated as Confidential in its entirety.  Upon being informed in writing that certain portions of a deposition are to be designated as Confidential Health Information, Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2–8.

   10. If counsel for a party receiving documents or information designated as Confidential Health Information, Confidential, or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

     a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential Health Information, Confidential, or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

     b. If a dispute as to a Confidential Health Information, Confidential, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation may seek review of the Court.  If the party challenging the designation does not seek review of the Court, the document or information shall be treated as originally designated.  If

review of the Court is sought, the document or information shall be treated as originally designated pending resolution of the dispute.

11.    If the need arises during trial or at any hearing before the Court for a party to disclose Confidential Health Information, Confidential information, or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

12.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Health Information, Confidential material, or Attorneys' Eyes Only material that should have been but was not designated as such at the time it was disclosed shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed, or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after the inadvertent disclosure or designation error is discovered, that the material should have been designated Confidential Health Information, Confidential, or Attorneys' Eyes Only.  Such notice shall constitute a valid designation of the information, document, or thing as Confidential Health Information, Confidential, or Attorneys' Eyes Only under this Protective Order.  Provided, however, that Confidential Health Information shall be treated in accordance with this Protective Order without regard to any designation or claim of protection at the time of production.

13.    When the inadvertent or mistaken disclosure of any information, document, or thing protected by attorney-client, work-product, or other privilege is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or

mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of attorney-client, work-product, or other privilege. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure by filing an appropriate application with the Court.

14.    No information that is in the public domain shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Protective Order.

15.    No person, firm, corporation, or other entity subject to this Protective Order shall give, show, disclose, make available, or communicate Confidential Health Information to any person, firm, corporation, or other entity not expressly authorized by this Protective Order to receive such Confidential Health Information.

16.    This Protective Order shall not restrict the right of a producing party to use its own Confidential Health Information, Confidential information, or Attorneys' Eyes Only information.

17.    This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for modification of, or for relief from, any of its terms.

18.    This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

19.    When filing or attaching to filings documents containing Confidential information, Attorneys' Eyes Only information, or Confidential Health Information, the filing party shall first attempt to redact Confidential Health Information, Confidential material, or Attorneys' Eyes Only

material.  The filing party shall provide an unredacted copy of the document to the other party's outside counsel if requested.  If redaction is not sufficient to safeguard the Confidential Health Information, Confidential material, or Attorneys' Eyes Only material, the filing party shall comply with Local Civil Rule 5 by moving to file the pleadings or other papers disclosing or containing Confidential Health Information, Confidential Information, or Attorneys' Eyes Only Information under seal. Filing pleadings or other papers disclosing or containing Confidential Health Information, Confidential information or Attorneys' Eyes Only Information does not waive the designated status of the material irrespective of whether the motion to seal is granted.  The Court will determine how Confidential Health Information, Confidential Information, or Attorneys' Eyes Only information that is filed or otherwise disclosed to the Court that is not redacted and/or subject to a granted motion to seal shall be treated/handled.

20.    Within twenty (20) days of the final conclusion of this litigation, including any appeals therefrom, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Health Information, Confidential material, or Attorneys' Eyes Only material received from another party or to destroy all copies of such materials that contain Confidential Health Information, Confidential material, or Attorneys' Eyes Only material received from another party.  Provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.  To the extent a party requests the return of such material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief. Nothing in this paragraph is intended to affect the disposition of a party's own Confidential Health

Information, Confidential material, or Attorneys' Eyes Only material.

21.    Inadvertent production of Confidential Health Information, Confidential material or Attorneys' Eyes Only material prior to its designation as such hereunder shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time. Nothing herein shall require the disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of June 2019.

 */s/ Kari A. Dooley*                            
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MC1 HEALTHCARE, INC., d/b/a | ) | |
| MOUNTAINSIDE TREATMENT | ) | |
| CENTER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:17-CV-01909 (KAD) |
| | ) | |
| UNITEDHEALTH GROUP, INC., | ) | |
| UNITEDHEALTHCARE SERVICES, | ) | |
| INC., | ) | |
| UNITED HEALTHCARE, INC. | ) | |
| UNITED BEHAVIORAL HEALTH, INC. | ) | |
| OPTUMINSIGHT, INC. | ) | |
| OPTUM, INC., AND | ) | |
| OPTUMHEALTH, INC. | ) | |
| | ) | |
| *Defendants.* | ) | |

**NON-DISCLOSURE AGREEMENT**

I, _____, being duly sworn, state that:

1.      I reside at _____ in the City

of _____, County of _____, State of _____. My telephone

number is _____.

2.      My present employer is _____ and the address of my

present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understand the provisions of the Protective Order, filed in

Case No. 3:17-cv-01909-KAD, pending in the United States District Court for the District of

Connecticut.  I agree to comply with and be bound by all provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Health Information, Confidential, or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of such material disclosed to me.

6.      I will limit use of Confidential Health Information, Confidential, and Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7.      No later than fifteen (15) days after the final conclusion of the case, I will return all Confidential Health Information, Confidential, and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

8.      I submit myself to the jurisdiction of the United States District Court for the District of Connecticut for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____         _____
                                                Signature

                                               _____
                                                Printed Name