## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MC1 HEALTHCARE, INC., d/b/a MOUNTAINSIDE TREATMENT CENTER, | ) ) ) | CIVIL NO. 3:17-CV-01909 (KAD) |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED HEALTH GROUP, INC., *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | JULY 16, 2019 |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge

On May 7, 2019, the Court granted in part and denied in part the Defendants' (collectively, "United") motion to dismiss the amended complaint filed by the Plaintiff, MC1 Healthcare, Inc., d/b/a Mountainside Treatment Center ("Mountainside"). *MC1 Healthcare, Inc. v. United Health Grp., Inc.*, No. 3:17-cv-01909 (KAD), ECF No. 94, 2019 WL 2015949 (D. Conn. May 7, 2019). In relevant part, the Court dismissed Count One, which asserted a claim under § 502(a) of the Employee Retirement Income Security Act ("ERISA"), and Count Two, which asserted a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"). On May 14, 2019, Mountainside filed a motion for reconsideration. (ECF No. 98.) The motion for reconsideration asks the Court to reconsider and/or amend its earlier decision: (1) to clarify that, when repleading Count One, Mountainside need not identify United's plan and/or specific claim information because such information is not within its possession; (2) to reverse the dismissal of the Count Two, or, if such relief is declined, to order that the dismissal of Count Two is without prejudice so that Mountainside can replead; and (3) to reconsider the striking of the first sentence of Paragraph 16 consistent with the reconsideration of Count Two.

After this Motion was filed, the Court held a status conference with the parties concerning, *inter alia*, the repleading of Count One. The parties, through cooperation, have resolved the issues identified in the motion for reconsideration concerning the repleading of Count One and have agreed upon a mechanism for Mountainside to do so. Accordingly, the Court finds the motion for reconsideration as moot insofar as it is directed at Count One.

For the reasons set forth below, the remainder of the motion for reconsideration is GRANTED in part and DENIED in part.

**Legal Standard**

"The standard for granting a motion for reconsideration is strict." *Roman v. Leibert*, No. 3:16-cv-01988 (JCH), 2017 WL 4286302, at *1 (D. Conn. Sept. 27, 2017) (quoting *Ricciuti v. Gyzenis*, 832 F. Supp. 2d 147, 165 (D. Conn. 2011)); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. R. Civ. P. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The primary function of a motion for reconsideration 'is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.'" *Alexander v. Gen. Ins. Co. of Am.*, No. 3:16-cv-00059 (SRU), 2017 WL 188134, at *2 (D. Conn. Jan. 17, 2017) (quoting *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994)). Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

**Discussion**

Mountainside asks this Court to reconsider its dismissal of Count Two with prejudice and striking of the first sentence of Paragraph 16 of the Amended Complaint.

Mountainside first takes issue with what it characterizes as "the Court's <u>sua sponte</u> determination that Count Two fails to state a CUTPA claim based on 'a plausible <u>CUIPA</u> violation.'" (Plf.'s Mem. Supp. Mot. Recons. at 3, ECF No. 99.) Mountainside submits that had the Court had the benefit of briefing on this issue it would have realized that Count Two does state a plausible violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"). Alternatively, Mountainside seeks permission to replead Count Two. United responds that Count Two was appropriately dismissed because it does not contain a plausible CUIPA violation. It further contends that the dismissal was appropriately with prejudice because Mountainside has already been provided with an opportunity to replead Count Two and any further amendments would be futile because ERISA preempts CUTPA claims.

As an initial matter, the Court disagrees that it *sua sponte* raised the issue of whether Count Two stated a plausible CUIPA violation. To state a CUTPA claim based on insurance related practices under Connecticut law, *as Mountainside does here*, a plaintiff must allege a plausible violation of "CUIPA or, arguably, some other statute regulating a specific type of insurance related conduct." *State v. Acordia, Inc.*, 310 Conn. 1, 37 (2013). In addition, Count Two not only expressly alleges a CUIPA violation;[1] (Amended Compl. at ¶ 48.g, ECF No. 46.); but Mountainside also acknowledged at oral argument that it was asserting a CUTPA claim based on

---

[1] Count Two technically cites to Conn. Gen. Stat. § 38**s**-815. All parties seem to agree that this was a typographical error and that Mountainside intended to cite to Conn. Gen. Stat. § 38**a**-815, the CUIPA statute, not Conn. Gen. Stat. § 38**s**-815, a non-existent statute.

a CUIPA violation; (Hrg. Tr. at 55:12–56:12, ECF No. 107).[2] Finally, in its motion to dismiss, United specifically argued that Count Two was not adequately pleaded because, "in support of its contention that Mountainside violated this statute [*i.e.*, CUIPA], Mountainside merely includes a list of actions allegedly taken by United and labels them as violations of CUTPA without any explanation." (Def.'s Mem. Supp. Mot. Dismiss at 20, ECF No. 56.) In light of the foregoing, United's motion to dismiss plainly raised the issue of whether a plausible CUIPA violation had been alleged, and it was both appropriate and necessary for the Court to determine whether Count Two stated a plausible CUIPA violation. Any contention by Mountainside to the contrary is inconsistent with the record in the case.

Turning to the merits of the motion for reconsideration, Mountainside urges that the Court overlooked certain allegations in its complaint that support a plausible claim for violation of Section 816(6)(G) of CUIPA, which prohibits insurance companies from "compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds [with such frequency as to indicate a general business practice]." Conn. Gen. Stat. § 38a-816(6)(G). Mountainside notes that it alleged in the Amended Complaint that United violated CUIPA by forcing it to bring this litigation to protect itself from "wrongful and/or illegal practices that United knows are improper, wrongful, and/or illegal." (Amended Compl. at ¶ 48.e.) It further alleged that this unlawful conduct is "part of a broader pattern and practice of wrongful and/or illegal conduct by United designed to take money and benefits from providers and enrollees to increase United's revenue and profits." (*Id.* at ¶ 49.) In support of that proposition, Mountainside highlights that it cited to *Peterson v. UnitedHealth Group*, 242 F. Supp. 3d 834 (D. Minn. 2017), in which the district court

---

[2] In the Amended Complaint, Mountainside cited to only CUIPA, which further affirms that it was proceeding under a CUIPA-based theory of CUTPA liability.

held that United's cross-plan offsetting was not reasonable under ERISA. (Amended Compl. at ¶ 32.)

This argument misses the mark. First, in its decision, the Court expressly considered whether Mountainside pleaded a plausible violation of Section 816(6)(G) in Count Two and concluded that it did not. *MC1 Healthcare, Inc.*, 2019 WL 2015949, at *9. To the extent Mountainside seeks to raise new arguments it failed to advance in response to the motion to dismiss, such is not proper on reconsideration.

In any event, having reviewed the allegations in Count Two again, the Court remains unpersuaded that it contains a plausible violation of Section 816(6)(G). Like much of the Amended Complaint, Count Two focus on United's purportedly illegal recoupment practices. (*Id.* at ¶¶ 48a–48e; *see also id.* at ¶ 30.) More particularly, United's use of cross-plan offsetting to recover purported overpayments made to Mountainside. *See generally Peterson*, 242 F. Supp. 3d at 837–38 (discussing the practice of offsetting and the benefits of cross-plan offsetting for insurance companies). Section 816(6)(G) does not restrict or otherwise address how an insurance company may recoup overpayments made to healthcare providers like Mountainside. Rather, this section forbids insurance companies from developing a business practice of substantially underpaying insurance claims, thereby forcing insureds to resort to litigation to obtain the amount due under an insurance policy. Mountainside's allegations simply do not implicate this prohibition and cannot be fairly or liberally construed to plausibly assert that United has engaged in this type of conduct, let alone that it does so with such frequency as to indicate a general business practice.

Although Mountainside casts United's allegedly wrongful conduct in broad terms in its complaint; (*see, e.g.*, Amended Compl. at ¶¶ 48.e., 49); a party cannot rely solely on vague, conclusory, or threadbare allegations to survive a motion to dismiss; *Achtman v. Kirby, McInerney*

& *Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss" [alternations omitted; internal quotation marks omitted]); *see, e.g.*, *Beamon v. Yale New Haven Hosp. Inc.*, No. 3:16-cv-00181 (JBA), 2017 WL 969266, at *4 (D. Conn. Mar. 13, 2017) ("Plaintiff's allegations of verbal assaults against other co-workers lack any factual detail that would implicate patient or employee safety, and similarly the vague allegation that the Doctor behaved inappropriately in other contexts, without any facts describing this behavior and connecting it to the endangerment of patients or other employees, is no more than a conclusory allegation."), *reconsideration denied*, 2017 WL 1383438 (D. Conn. Apr. 11, 2017). Count Two as currently pleaded simply lacks an adequate factual basis for a claim under Section 816(6)(G), and the motion for reconsideration is denied as to the dismissal of Count Two as a result.

In the alternative, Mountainside seeks leave to replead Count Two. United argues that Mountainside should not be permitted a "third bite of the apple" to cure the defects in its CUTPA claim, which United has twice highlighted through motions to dismiss. (Def.'s Opp. Mem. at 8, ECF No. 105.) United further urges that any amendment will be futile because ERISA preempts CUTPA claims.

With respect to the preemption issue, district courts have frequently found that ERISA preempts CUTPA and CUIPA claims. *E.g.*, *Woods v. Unum Life Ins. Co. of Am.*, No. 3:09-cv-00809 (SRU), 2011 WL 166205, at *3 (D. Conn. Jan. 19, 2011); *Gianetti v. Blue Cross & Blue Shield of Conn., Inc.*, No. 07-cv-01561 (PCD), 2008 WL 1994895, at *6 (D. Conn. May 6, 2008), *aff'd* 351 Fed. Appx. 520, 522–23 (2d Cir. 2009) (summary order); *Levine v. Hartford Life Ins. Co.*, No. 02-cv-00081 (CFD), 2002 WL 1608330, at *2 (D. Conn. June 28, 2002); *Bailey-Gates v. Aetna Life Ins. Co.*, 890 F. Supp. 73, 77 (D. Conn. 1994). But such has not always been the case.

*See, e.g., DiPietro-Kay Corp. v. Interactive Benefits Corp.*, 825 F. Supp. 459, 462 (D. Conn. 1993) (holding that CUTPA/CUIPA claim brought by employer against insurance company from which it purchased health benefits plan was not preempted by ERISA). And the Second Circuit Court of Appeals has not adopted a bright-line preemption rule for CUTPA and CUIPA claims. *See Gerosa v. Savasta & Co.*, 329 F.3d 317, 325 (2d Cir. 2003) ("the extent to which ERISA's remedial provisions preempt state law is not necessarily absolute; as with any provision, preemption must be considered in light of Congress's purposes in enacting the statute"); *see also DiPietro-Kay Corp.*, 825 F. Supp. at 461 ("there is no bright-line test for determining whether a state law claim is preempted by ERISA"). Thus, without knowing what Count Two as repleaded might look like the Court cannot prospectively determine that it would be preempted by ERISA.

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). United is correct that Mountainside has already been provided with one opportunity to replead Count Two, but it has not done so with the benefit of the Court's ruling on a motion to dismiss, as the Amended Complaint was filed by stipulation. Accordingly, to prevent a potential manifest injustice, the Court grants the motion for reconsideration as it pertains to Count Two. Mountainside may, at its option, replead its CUTPA claim.[3]

Lastly, if granted permission to replead Count Two, Mountainside asks that the Court reconsider its earlier decision striking the first sentence of Paragraph 16 of the Amended Complaint. The sentence at issue alleges: "United has a history of violating applicable law to the

---

[3] United has indicated in its papers and at a recent status conference that a repleaded CUTPA count will likely be met with a motion to dismiss based upon an argument that ERISA preempts that count, even as repleaded. The Court, of course, cannot predict the merit of such a motion at this juncture. To avoid both costly and protracted litigation, however, it would be prudent for Mountainside to inform itself fully on the ERISA preemption issue in the CUPTA and CUIPA context so that it can make a reasoned assessment of whether to pursue a CUTPA claim.

detriment of patients and providers, particularly out-of-network healthcare providers like Mountainside." Mountainside urges that this allegation is relevant to any claims it might bring under CUTPA. United responds that this allegation was properly stricken because it has no bearing on the issues in this case. Although the Court is allowing Mountainside to replead its CUTPA claim, the Court is not persuaded that reconsideration of its earlier decision striking this allegation is warranted.

The unfair claim settlement practices section of CUIPA does require a plaintiff to establish that the insurance company commits or performs a proscribed practice "with such frequency as to indicate a general business practice." Conn. Gen. Stat. § 38a-816(6). But the sweeping, conclusory, and non-specific allegation contained in the first sentence of Paragraph 16 does not advance such a claim. Rather, the sentence does little more than disparage United by accusing them, in a generalized and conclusory fashion, of illegal and unethical practices. The motion for reconsideration is denied as it pertains to the striking of the first sentence of Paragraph 16. In so ruling, however, the Court is not restricting Mountainside from including the types of factual allegations about business practices or prior litigation as may be necessary to state a claim under CUTPA.

**Conclusion**

For the reasons set forth, Mountainside's Motion for Reconsideration is found as MOOT as it pertains to Count One. The Motion for Reconsideration is DENIED in part and GRANTED in part as it pertains to the dismissal of Count Two. Count Two of the Amended Complaint remains dismissed, but the dismissal is without prejudice and Mountainside may replead Count Two, at its option. Finally, the Motion for Reconsideration is DENIED as to the striking of the first sentence of Paragraph 16 of the Amended Complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of July 2019.

          */s/ Kari A. Dooley*
          KARI A. DOOLEY
          UNITED STATES DISTRICT JUDGE